|  |  |
|---|---|
| **United States District Court**<br>For the Northern District of California | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LEE RICHES, | No. C 07-6106 MJJ (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| REESE WITHERSPOON, et al., | |
| Defendants. | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42 U.S.C. § 1983 against Reese Witherspoon, Ryan Phillipe, and their two children, Deacon Reese Phillipe and Ava Phillipe.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff states that he "moves under 42 U.S.C. § 1983 to claim custody of

G:\PRO-SE\MJJ\CR.07\riches45.dsm.wpd

1 Defendants' children" on the grounds that defendants Witherspoon and Phillipe are unfit
2 parents. Plaintiff's claims against defendants Witherspoon and Phillipe, two movie actors,
3 and their children are not cognizable. A private individual does not act under color of state
4 law, an essential element of a § 1983 action. See <u>Gomez v. Toledo</u>, 446 U.S. 635, 640
5 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See
6 <u>Ouzts v. Maryland Nat'l Ins. Co.</u>, 505 F.2d 547, 559 (9th Cir. 1974), <u>cert. denied</u>, 421 U.S.
7 949 (1975). As plaintiff's claims are against private individuals for their alleged private
8 actions, he has failed to state a cognizable claim for relief under § 1983.
9     For the foregoing reasons, this action is DISMISSED.
10     The Clerk shall close the file.
11     IT IS SO ORDERED.
12 DATED:  12/18/07

_____
MARTIN J. JENKINS
United States District Judge

**United States District Court**
For the Northern District of California

G:\PRO-SE\MJJ\CR.07\riches45.dsm.wpd     2